FILED
2009 Jul-09 PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **DAVID LICHTENSTEIN, derivatively on behalf of REGIONS FINANCIAL CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**C. DOWD RITTER, GEORGE W. BRYAN, SAMUEL W. BARTHOLOMEW, JR., DAVID J. COOPER, EARNEST W. DEAVENPORT, JR., DON DeFOSSET, JAMES R. MALONE, SUSAN W. MATLOCK, CHARLES D. McCRARY, CLAUDE B. NIELSEN, JORGE M. PEREZ, LEE J. STYSLINGER, III, SPENCE L. WILSON, JOHN R. ROBERTS, JOHN E. MAUPIN, JR., HARRY W. WITT, MARTHA R. INGRAM**<br><br>**Defendants.** | Case No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the defendants C. Dowd Ritter, George W. Bryan, Samuel W. Bartholomew, Jr., David J. Cooper, Earnest W. Deavenport, Jr., Donald DeFosset, James R. Malone, Susan W. Matlock, Charles D. McCrary, Claude B. Nielsen, Lee J. Styslinger, III, Spence L. Wilson, John R. Roberts, and

John E. Maupin, Jr. (collectively, "Defendants"), hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Defendants appear for the purpose of removal only and for no other purpose, reserve all defenses and rights available to them, and state as follows:

## PROCEDURAL BACKGROUND

1. On May 4, 2009, Plaintiff David Lichtenstein filed a Verified Shareholder Derivative Complaint ("the Original Complaint") in the Circuit Court of Jefferson County, Alabama, commencing the action, styled as *David Lichtenstein v. C. Dowd Ritter, et al.*, Case No. CV 09-901494 (the "State Court Action"). On June 16, 2009, Plaintiff filed an Amended Verified Shareholder Derivative Complaint ("the Amended Complaint"). On July 2, 2009, Plaintiff filed a Second Amendment to Complaint. Unlike the Original Complaint, Plaintiff's Amended Complaint raised substantial federal questions.

   a. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants, or of record, are attached hereto as Exhibit A.

b. Attached hereto as Exhibit B is a printout of the docket in the State Court Action as of 11:30 p.m. on July 8, 2009.

## THIS CASE IS REMOVABLE UNDER THE COURT'S FEDERAL QUESTION JURISDICTION

2. This action is within the original jurisdiction of the Court under 28 U.S.C. § 1331 because the Amended Complaint brings state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," and, therefore, at least one claim arises under the laws of the United States. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mfg.*, 545 U.S. 308, 314 (2005)). Although Plaintiff brings multiple claims that grant the Court jurisdiction, only one claim is necessary for jurisdiction. As shown below, on the face of the Amended Complaint, Plaintiff raises several federal issues that confer upon this Court subject matter jurisdiction.

3. In the Amended Complaint, Plaintiff alleges that Defendants have violated and continue violating provisions of the Troubled Asset Relief Program, 12 U.S.C. § 5201 ("TARP") (as expanded by the American Recovery and Reinvestment Act of 2009, Publ. L. 111-5). (Am. Compl. ¶¶ 53(a), (b), (e), (f) & (h).) TARP is a relatively new federal program organized under federal laws and

run by a federal agency. The American Recovery and Reinvestment Act of 2009 ("ARRA") established that the Treasury Department must create certain standards for recipients of TARP funds. (Publ. L. 111-5). Plaintiff claims that the Defendants caused Regions Financial Corporation ("Regions") to violate ARRA's standards and, therefore, to violate TARP. (*See* Am. Compl. ¶ 53(a)) ("Each Defendant had the ability and duty to force Regions to comply with TARP-related regulations on executive compensation, risk-reduction and clawback provisions, and failed to do so."); (*see id.* at ¶ 53(b)) ("Each member of Director Defendants . . . has been responsible for implementing and enforcing the TARP executive compensation restrictions, but has intentionally refused to do so; . . ."); (*see id.* at ¶ 53(e)) ("Following Regions' receipt of TARP funds, the Compensation Committee was also required to comply with a number of compensation standards during the period of time in which the U.S. Government holds an equity position in Regions, . . . including: (a) limits on severance payments to senior executive officers; (b) a requirement to "clawback" bonuses, retention awards and incentive compensation paid to senior executive officers . . . ."); (*see id.* at ¶ 53(f)) ("[D]espite the government imposed requirements [from the TARP program] that Regions [sic] Board restrict incentive compensation and bonuses, the Board has failed to do so."). These claims require a court to determine the scope and applicability of federal laws underpinning TARP and to define provisions of TARP and related

federal statutes. For example, Plaintiff claims that TARP has standards that demand "executive compensation restrictions" and that Defendants intentionally violated those restrictions. (*Id.* at ¶ 53 (b).) Plaintiff's claims require a court to interpret federal regulations to determine what, if any, "restrictions" TARP places on executive compensation, whether the TARP restrictions apply to the kinds of compensation paid by Regions to its executive officers and directors, and whether the amount of such compensation in fact violates applicable federal rules and regulations. No state law statutory scheme is available to resolve these questions. Accordingly, Plaintiff's claims relating to alleged TARP violations raise distinctly federal questions that confer subject matter jurisdiction on this Court. *See generally Adventure Outdoors*, 552 F.3d at 1299-1300 (finding that the presence of a question of federal law, not fact-bound and situation-specific issues, indicates that federal jurisdiction is appropriate).

4. Other bases for federal jurisdiction exist. In the Amended Complaint, Plaintiff alleges that certain defendants caused Regions to file with the Securities and Exchange Commission (the "SEC") a false and misleading prospectus and caused Regions to make misleading statements to the investment community. (*See, e.g.,* Am. Compl. ¶ 53.) ("[D]efendants . . . acquiesced in and/or were complicit in issuing a false and misleading prospectus, offering and causing and/or permitting Regions to make misleading statements to the investment community. .

5

. . ."); (*see also id.* ¶¶ 90 & 91.) Plaintiff seeks relief in the Amended Complaint for these alleged actions. (*Id.* ¶¶ 90 & 91.) These claims are actually disputed and substantial, meet the *Grable* test, and give the Court subject matter jurisdiction. *See Landers v. Morgan Asset Mgmt., Inc.*, 2009 WL 962689 (W.D. Tenn. Mar. 31, 2009) (denying remand of derivative claims, because claims required the court to resolve questions under federal securities laws.) Nearly identical allegations against the same defendants are pending in a separate federal action in the Southern District of New York.

5.  In the Amended Complaint, Plaintiff also seeks relief based on alleged violations of unspecified federal law(s). (See *id.* ¶ 10) (claiming that the receipt of certain "perquisites authorized and/or accepted by the individual Defendants . . . violates federal law . . . ."  ); (*id.* ¶ 67) (seeking relief because "Defendants have caused the Company to violate federal laws . . . and thereby has subjected the Company to a federal investigation."). These claims grant the Court jurisdiction. *See generally Adventure Outdoors*, 552 F.3d at 1299-1300.

6.  The Amended Complaint raises multiple stated federal questions that are actually in dispute and substantial, and the exercise of federal jurisdiction will not disturb the balance between federal and state judicial responsibilities. Therefore, this action properly is removable under 28 U.S.C. § 1441(a) and (b). *See Grable*, 545 U.S. at 312, 315.

7. For the foregoing reasons, the Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367, the Court also has supplemental jurisdiction over any claims within the pleadings over which the Court does not have original jurisdiction.

## ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

8. This Notice of Removal ("Notice") is timely because it is filed within thirty (30) days "after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable . . . ." All of Defendants who have been served join in and consent to the removal of this action to the Court, subject to and without waiving any defenses and rights available to them. No process, pleading, or order has been served on Defendants in this action, other than those included in Exhibit A.

9. Written notification of the filing of this Notice is being made upon Plaintiff and will be filed with the Clerk of the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. § 1446(d).

10. Defendants have not sought similar relief.

11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

12. Venue is proper in this district and division pursuant to 28 U.S.C. § 81(a)(3) and § 1441(a).

13. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama, Southern Division.

14. If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this cause is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

WHEREFORE, PREMISES CONSIDERED, Defendants, by and through their counsel, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall effect the removal of said civil action to this Honorable Court.

Dated: July 8, 2009

Respectfully submitted,

*/s/ Larry B. Childs*
Larry B. Childs (ASB-9113-C58L)
Shayla R. Fletcher (ASB-2311-Y78F)

WALLER LANDSEN DORTCH & DAVIS LLP
1901 Sixth Avenue N., Suite 1400
Birmingham, Alabama 35203-2623
Telephone: (205) 226-5701
larry.childs@wallerlaw.com

*Counsel for Defendants C. Dowd Ritter, George W. Bryan, Samuel W. Bartholomew, Jr., David J. Cooper, Earnest W. Deavenport, Jr., Donald DeFosset, James R. Malone, Susan W. Matlock, Charles D. McCrary, Claude B. Nielsen, Lee J. Styslinger, III, Spence L. Wilson, John R. Roberts, and John E. Maupin, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been duly served upon counsel of record by placing same in the U.S. mail, properly addressed and postage prepaid as follows:

Jeffrey P. Mauro
Baddley & Mauro, LLC
2545 Highland Avenue, Suite 100
Birmingham, AL 35205

This the 8th day of July, 2009.

_____
OF COUNSEL