FILED

2009 Jul-09  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**01-CV-200**<br>Date of Filing:<br>05/04/2009 | ELECTRONICALLY FILED<br>5/4/2009 1:59 PM<br>CV-2009-901494.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
| --- | --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other          ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other:   DERIVITIVE ACTION

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**       A ☐ **APPEAL FROM**        O ☐ **OTHER**
**DISTRICT COURT**      _____

R ☐ **REMANDED**          T ☐ **TRANSFERRED FROM**
**OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes  ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

| **ATTORNEY CODE:**  MAU007 | 5/4/2009 1:57:48 PM | /s JEFFREY P. MAURO |
| --- | --- | --- |

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

**EXHIBIT A**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO** C. DOWD RITTER, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____    _____
Date                        Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

GEORGE W. BRYAN, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM, AL AL, 35203

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO _____

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
pursuant to the Alabama Rules of the Civil Procedure     _____

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | _____ |
| **Date** | Clerk/Register | **By** |

☑ Certified mail is hereby requested     /s JEFFREY P. MAURO _____
                                          Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____           _____
**Date**                           Server's Signature

| State of Alabama | **SUMMONS** | **Case Number:** |
|---|---|---|
| Unified Judicial System | **- CIVIL -** | 01-CV-2009-901494.00 |
| Form C-34   Rev 6/88 | | |

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

SAMUEL W. BATHOLOMEW JR., C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of      DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date      Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

DAVID J. COOPER, C/O REGIONS FINAN. CORP 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO _____

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure                                 _____

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s JEFFREY P. MAURO |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____

Date                                 Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO**    EARNEST W. DEAVENPORT JR., C/O REGIONS FINAN. CORP 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date

_____
Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO** DON DEFOSSET, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID LICHTENSTEIN
pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date          Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO**   JAMES R. MALONE, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID LICHTENSTEIN
  pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

SUSAN W. MATLOCK, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO _____

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
    pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s JEFFREY P. MAURO
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                         Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

CHARLES D. MCCRARY, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
    pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO
                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                  Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

CLAUDE B. NIELSEN, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of      DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                         Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO**    JORGE M. PEREZ, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
    pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO

                                       Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO** ___LEE J. STYSLINGER III, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY ___JEFFREY P. MAURO___

WHOSE ADDRESS IS ___2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205___

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of ___DAVID LICHTENSTEIN___
pursuant to the Alabama Rules of the Civil Procedure

| ___5/4/2009 1:59:08 PM___ | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date           Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO** SPENCE L. WILSON, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
    pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO

                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

JOHN R. ROBERTS, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date    Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

JOHN E. MAUPIN JR., C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO _____

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure     _____

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s JEFFREY P. MAURO
                                         _____
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                              Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>01-CV-2009-901494.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

**NOTICE TO** <u>HARRY W. WITT, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY <u>JEFFREY P. MAURO</u>

WHOSE ADDRESS IS <u>2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205</u>

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     DAVID LICHTENSTEIN
    pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s JEFFREY P. MAURO
                                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____

Date                           Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2009-901494.00 |
|---|---|---|

## IN THE CIVIL COURT OF JEFFERSON, ALABAMA
## DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

MARTHA R. INGRAM, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                      Server's Signature



IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DAVID LICHTENSTEIN, derivatively on behalf of REGIONS FINANCIAL CORPORATION, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO: |
| C. DOWD RITTER, GEORGE W. BRYAN, SAMUEL W. BATHOLOMEW, JR., DAVID J. COOPER, EARNEST W. DEAVENPORT, JR., DON DEFOSSET, JAMES R. MALONE, SUSAN W. MATLOCK, CHARLES D. MCCRARY, CLAUDE B. NIELSEN, JORGE M. PEREZ, LEE J. STYSLINGER, III, SPENCE L. WILSON, JOHN R. ROBERTS, JOHN E. MAUPIN, JR., HARRY W. WITT, MARTHA R. INGRAM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff, by and through his attorneys, submits this Verified Shareholder Derivative Complaint against the Defendants named herein.

1.     This is a shareholder derivative action brought on behalf of shareholders of Regions Financial Corporation ("Regions" or "Company") and arises from the Defendants' violations of state law, including breaches of fiduciary duty, waste of corporate assets, and unjust enrichment which occurred from 2007 to present, and which

have caused substantial monetary loss to Regions.  Specifically, this case challenges the decisions of Regions' Board of Directors to authorize and approve excessive bonuses, compensation and other benefits for its directors and executive officers at a time when the Company was experiencing significant losses, including material declines in Company revenues as well as a concomitant and precipitous decline in its share value.  This action also challenges the individual Defendants' decision to engage in speculative commercial investment transactions at a time when market conditions had already begun to deteriorate.  This action seeks to recoup as damages to the Company the amount of such excessive bonuses, compensation and other benefits which have been improperly bestowed upon and wrongfully retained by certain executive officers and directors of Regions in breach of their fiduciary duties, as well as all losses sustained as a result of the Defendants' gross mismanagement.

2.     Regions Financial Corporation provides a wide range of financial services, and  serves individual consumers, small and middle market businesses and large corporations with a full range of banking, investing, asset management and other financial and risk management products and services.

3.     During the relevant period, Regions engaged in acts which have caused it substantial exposure to the subprime mortgage crisis.  Moreover, during the relevant time period, the individual Defendants participated in the issuance of improper statements, press releases and SEC filings regarding its exposure to the subprime mortgage lending crisis.  Based upon such improper financial statements, the Company's stock became artificially inflated, at which time certain of the individual Defendants sought to

improperly benefit from this artificial inflation by selling in excess of $60 million of their personally held shares of the Company's stock.

4.     Additionally, during the relevant time period,  Regions' management actively and aggressively increased the Company's risk positioning in the real estate market in furtherance of larger profits and increased market share. To this end, Regions undertook a highly speculative course of conduct by concentrating its capital in the real estate sector, and thereby extending bank credit towards speculative investment projects in commercial real estate throughout the Southeast, including Tennessee, Florida, and Georgia.  Such lending activities exceeded all reasonable lending standards and risk management controls, as they were based upon clearly erroneous assumptions of continued economic growth and prosperity and over-inflated real estate values for the collateral on such loans.

5.     That Regions continued to extend credit in speculative commercial real estate ventures based upon inflated collateral values even as the proportion of non-performing real estate loans increased from 2005 onwards.  During this time period, and despite clear warning signs to the contrary, Regions remained overly optimistic regarding collateral values and market expectations and thereby increased its exposure to these asset markets.

6.     As a result, the Company had grossly over-extended its lending into these speculative markets and has sustained, and continues to face, substantial losses.

7.     That in 2008, Regions' stockholders learned of the substantial declines in Company earnings for its fourth quarter 2007.  Such revelations, coupled with their discovery of the Company's substantial exposure to the mortgage crisis, despite

statements by management to the contrary, caused the price of Regions' stock to tumble precipitously from over $38 per share to less than $5 per share.

8.      That despite the significant decrease in Regions' revenues and share value, the Defendants repeatedly placed their own financial interests ahead of the interests of the Company and its shareholders by authorizing and approving for themselves excessive bonuses, compensation and other benefits.  While the Company dramatically missed earnings goals, the individual Defendants continued to reward themselves with discretionary bonuses, compensation and other benefits.

9.      That all such actions have served to adversely affect the Company, including a material reduction in the capitalization of the Company, which is paramount to the financial stability and security of the Bank.  In fact, capital adequacy is central to the safety and soundness of any banking institution, as inadequate capitalization reflects financial distress and therefore affects share value to shareholders.

<u>PARTIES</u>

10.      Plaintiff David Lichtenstein is a resident of Jefferson County, Alabama, over the age of 19 years, and at all times relevant is the beneficial owner of a Spyder fund which owns Regions stock.

11.      Nominal Defendant Regions Financial is a Delaware corporation with its principal executive offices located at 1900 Fifth Avenue North, Birmingham, Alabama.

12.      Defendant C. Dowd Ritter ("Ritter"), a citizen of Alabama, is Regions Financial's President and Chief Executive Officer (CEO) and has been since November 2006.  Ritter is also Regions Financial's Chairman of the Board of Directors ("Board") and has been since January 2008 and a Regions Financial director and has been since

4

November 2006.  During the relevant time period, Ritter not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of the Company's shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

13.   Defendant George W. Bryan (Bryan"), a citizen of Tennessee, is a Regions director and has been since 1986.  Bryan is also a member of Regions' Compensation Committee and has been since at least 2006.  During the relevant time period, Bryan not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of the Company's shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits, as well as selling a significant number of his own personal shares of Company stock at artificially inflated prices.

14.   Defendant Samuel W. Bartholomew ("Bartholomew"), a citizen of Tennessee, has been a Regions director since 2001.  During the relevant time period, Bartholomew not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by

5

improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

15.    Defendant Jorge M. Perez ("Perez"), a citizen of Florida, has been a Regions director since 2001.  During the relevant time period, Perez not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Compnay shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

16.    Defendant John R. Roberts ("Roberts"), a citizen of Missouri, has been a Regions director since 2002.   During the relevant time period, Roberts not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

17.    Defendant Harry W. Witt ("Witt"), a citizen of Florida, has been a Regions director since 2002.  During the relevant time period, Witt not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

18.     Defendant David J. Cooper ("Cooper"), a citizen of Alabama, has been a Regions director since 2006.   During the relevant time period, Cooper not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of Regions Financial's shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

19.     Defendant Don DeFossett ("DeFossett"), a citizen of Florida, has been a Regions director since 2006.   During the relevant time period, DeFossett not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

20.     Defendant James R. Malone ("Malone"), a citizen of Florida, has been a Regions director since November 2006.  During the relevant time period, Malone not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

21.     Defendant Charles D. McCrary ("McCrary"), a citizen of Alabama, has been a Regions director since November 2006. During the relevant time period, McCrary

7

not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

22.     Defendant John E. Maupin, Jr. ("Maupin"), a citizen of Georgia, has been a Regions director since July 2007.  During the relevant time period, Maupin not only participated in the issuance of improper statements regarding the financial condition of the Company, and authorized the repurchase of billions of dollars worth of Company shares at artificially inflated prices, but he repeatedly placed his own financial interests ahead of the interests of the Company and its shareholders by improperly receiving and retaining excessive and unwarranted compensation, bonuses and other benefits.

23.     Defendant Martha R. Ingram ("Ingram"), a citizen of Tennessee, is a Regions director and has been since November 2006. Ingram is also a member of Regions' Compensation Committee and has been since 2007.  Because of Ingram's position, Defendant Ingram knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when the Company's business prospects and share value had precipitously declined.

24.     Defendant Earnest W. Deavenport ("Deavenport"), a citizen of South Carolina, is a Regions' director and has been since November 2006. Deavenport is also

8

Chairman of Regions' Financial Risk Committee and a member of Regions' Compensation Committee and has been since 2007. Because of Deavenport's position, Defendant Deavenport knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when the Company's business prospects and share value had precipitously declined.

25.   Defendant Spence L. Wilson ("Wilson"), a citizen of Tennessee, is a Regions' director and has been since 1996. Because of Wilson's position, Defendant Wilson knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when

26.   Defendant Susan W. Matlock ("Matlock"), a citizen of Alabama, is a Regions director and has been since November 2002. Ingram is also a member of Regions' Compensation Committee and has been since at least 2006. Because of Matlock's position, Defendant Matlock knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when the Company's business prospects and share value had precipitously declined.

27.   Defendant Lee J. Styslinger III ("Styslinger"), a citizen of Alabama, is a Regions director and has been since 2003. Styslinger is also a member of Regions'

Compensation Committee and has been since 2007. Because of Styslinger's position, Defendant Styslinger knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when the Company's business prospects and share value had precipitously declined.

28.     Defendant Claude B. Nielsen ("Nielsen"), a citizen of Alabama, is a Regions director and has been since November 2006. Ingram is also a member of Regions' Compensation Committee and has been since 2007. Because of Nielsen's position, Defendant Nielsen knew, consciously disregarded, was reckless and grossly negligent in authorizing the repurchase of billions of dollars worth of Regions' shares at artificially inflated prices and authorizing the excessive bonuses, compensation and other benefits bestowed upon the Defendant directors at a time when the Company's business prospects and share value had precipitously declined.

29.     The individual Defendants, because of their positions of control and authority as directors and/or officers of Regions, were able to and did exercise control over the wrongful acts complained of herein.

30.     By reason of their positions as officers, directors and/or fiduciaries of Regions, the individual Defendants owed Regions and its shareholders fiduciary obligations of trust, loyalty, good faith and due care, and were and are required to use their utmost ability to control and manage Regions in a fair, just, honest and equitable manner. The Individual Defendants were and are required to act in furtherance of the

best interests of Regions and its shareholders so as to benefit all shareholders equally and not in furtherance of their own personal interest or benefit.

31.    Each director and/or officer of the Company owed to Regions and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the affairs of the Company and in the use and preservation of its assets, and the highest obligations of fair dealing.

32.    To discharge their duties, the officers and directors of Regions were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the financial affairs of the Company.  By virtue of such duties, the officers and directors of Regions were required to, among other things:

a) refrain from acting upon material inside corporate information to benefit themselves;

b) ensure that the Company complied with its legal obligations, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the SEC, its clients and the investing public;

c) conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

d)  ensure that the Company was operated in a diligent, honest and prudent manner in compliance with applicable laws, rules and regulations.

33.    The conduct of the Individual Directors complained of herein involves a knowing and culpable violation of their obligations as directors and officers of Regions, the absence of good faith on their part, and/or a reckless disregard for their duties to the

Company and its shareholders that the Individual Defendants were aware or should have been aware posed a risk of serious injury to the Company.

34.    In committing the wrongful acts alleged herein, the individual Defendants have pursued or joined in the pursuit of a common course of conduct and have acted in concert with one another in furtherance of their common plan or design.

## DERIVATIVE AND DEMAND FUTILITY ALLEGATIONS

35.    Plaintiff brings this action derivatively in the right and for the benefit of Regions to redress injuries suffered by Regions as a direct result of breaches of fiduciary duty, waste of corporate assets, and unjust enrichment.  Regions is named as a nominal defendant solely in a derivative capacity.

36.    Plaintiff will adequately and fairly represent the interests of Regions in enforcing and prosecuting its rights.

37.    Plaintiff is the owner of a SPYDER fund which includes the stock of Regions during all times relevant to the Individual Defendants' wrongful course of conduct alleged herein, and remains such a holder of interest in the Company.

38.    The current Board of Regions consists of the following individuals: Defendants Ritter, Bryan, Wilson, Bartholomew, Perez, Roberts, Matlock, Witt, Styslinger, Cooper, Deavenport, DeFosset, Ingram, Malone, McCrary, Nielsen, and Maupin.

39.    The Board has grossly ignored the difficult market conditions caused by the subprime mortgage crisis, its substantial and continued exposure in numerous commercial development ventures, as well as the recent and foreseeable future

performance of the Company, when considering and authorizing discretionary bonuses and other executive compensation and benefits which have been paid to certain individual Defendants.

40.   The Board has failed to accurately and transparently disclose the Company's exposure to such substantial credit obligations from its shareholders. Rather, the Board has actively concealed such information regarding the Company's obvious and substantial exposure to such losses from its shareholders.

41.   The Board has misled investors about the Company's losses and loan delinquency rate, as well as the Company's preparedness for a downturn in the market.

42.   Despite such difficult market conditions, and the poor performance of the Company caused by the Defendants' wrongful acts, the Board has consciously disregarded the best interests of the Company in authorizing and approving excessive bonuses and other compensation and benefits to certain of the individual defendants. Such acts by the individual Defendants were not the product of a valid business judgment.   Accordingly, demand is futile as to Defendants Ritter, Bryan, Wilson, Bartholomew, Perez, Roberts, Matlock, Witt, Styslinger, Cooper, Deavenport, DeFosset, Ingram, Malone, McCrary, Nielsen, and Maupin.

43.   Defendants   Ritter, Bryan, Wilson, Bartholomew, Perez, Roberts, Matlock, Witt, Styslinger, Cooper, Deavenport, DeFosset, Ingram, Malone, McCrary, Nielsen, and Maupin, as members of the Board during the relevant period, not only authorized the payment of excessive bonuses, compensation and other benefits, but have also authorized the repurchase of over $1.8 billion worth of the Company's shares at artificially inflated prices.   Such decisions by the Board to authorize the excessive

13

compensation and benefits, and maintain these stock repurchase programs were not the product of valid business judgment.   Among other things, the Board failed to properly discuss and/or consider the effect of paying out such excessive bonuses and other compensation to many of the individual Defendants, as well as its authorization for substantial stock repurchases, on the capitalization of the Bank given the ongoing recession and the Company's continued exposure to the subprime mortgage crisis.

44.   The Defendants consciously disregarded their fiduciary duties owed to Regions by causing or allowing such excessive compensation to be paid to certain of the individual Defendants.  Accordingly, demand is futile as to these Defendants.

45.   Defendant Ritter's principal occupation is his employment with Regions, pursuant to which he receives substantial monetary compensation and other benefits. Defendant Ritter lacks independence from Defendants Bryan, Deavenport, Ingram, Matlock, Nielsen, and Styslinger, who are not disinterested and/or independent and who exert influence over Ritter's compensation by virtue of their positions as members of the Compensation Committee, which has the authority to review and approve Ritter's salary, bonus and equity compensation.  As such, this lack of independence renders Defendant Ritter incapable of impartially considering a demand to commence and vigorously prosecute this action.

46.   The Defendant Directors participated in, approved and/or permitted the wrongs alleged herein to have occurred and recklessly and/or negligently disregarded the wrongs complained of herein and are therefore not disinterested parties.

47.    Plaintiff has not made any demand on the shareholders of Regions Financial to institute this action since such demand would be a futile and useless act for the following reasons:

a)    Regions Financial is a publicly held company with over 694 million shares outstanding, and over thousands of shareholders

b)    Making demand on such a number of shareholders would be impossible for plaintiff who has no way of finding out the names, addresses or phone numbers of shareholders; and

c)    Making demand on all shareholders would force Plaintiff to incur significant expenses, assuming all shareholders could be individually identified.

## COUNT ONE

### Against All Defendants for Breach of Fiduciary Duty

48.    Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

49.    The Individual Defendants owed and owe Regions Financial fiduciary obligations.  By reason of their fiduciary relationship, the Individual Defendants owed and owe Regions Financial the highest obligation of good faith, fair dealing, loyalty and due care.

50.    The Individual Defendants violated and breached their fiduciary duties of care, loyalty, reasonable inquiry, oversight, good faith and supervision.

15

51.    Each of the Individual Defendants had actual or constructive knowledge that they had authorized and caused the Company to award excessive discretionary bonuses and other compensation and benefits to its executive officers and directors, including themselves, and thereby further reduced the capitalization of the Bank.

52.    That each of the individual Defendants had knowledge of the Company's increased exposure to commercial real estate losses which had been based on little more than the promise of strong and continued economic growth, even though market conditions has worsened and the proportion of non-performing real estate loans were dramatically increasing.

53.    As a direct and proximate result of the Individual Defendants' failure to perform their fiduciary obligations, Regions has sustained significant damages. As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

54.    Plaintiff, on behalf of Regions, has no adequate remedy at law.


## COUNT TWO

### Against All Defendants for Breach of Fiduciary Duty

55.    Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

56.    The Individual Defendants' misconduct alleged herein constituted an abuse of their ability to control and influence Regions Financial, for which they are legally responsible. In particular, the Individual Defendants abused their positions of

authority by causing or allowing Regions Financial to award excessive bonuses, compensation and other benefits to its officers and directors.

57.     As a direct and proximate result of the Individual Defendants' abuse of control, Regions has sustained significant damages.  These damages include, but are not limited to, Regions loss of capitalization.

58.     As a result of the misconduct alleged herein, the Individual Defendants are liable to the Company.

59.     Plaintiff, on behalf of Regions, has no adequate remedy at law.

## COUNT THREE

### Against All Defendants for Breach of Fiduciary Duty for Gross Mismanagement

60.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

61.     By their actions, the Individual Defendants directly abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of Regions Financial in a manner consistent with the operations of a publicly held corporation.

62.     As a direct and proximate result of the Individual Defendants' gross mismanagement and breach of fiduciary duty, the Individual Defendants are liable to the Company.

63.     Plaintiff, on behalf of Regions Financial, has no adequate remedy at law.

17

## COUNT FOUR

### Against All Defendants for Waste of Corporate Assets

64.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

65.     As a result of the misconduct described above, the Individual Defendants wasted corporate assets by failing to properly consider the interests of the Company and its public shareholders and by failing to conduct proper supervision over the payment of excessive bonuses, compensation and other benefits to certain of its executive officers.

66.     As a result of the waste of corporate assets, the Individual Defendants are liable to the Company.

67.     Plaintiff, on behalf of Regions, has no adequate remedy at law.

## COUNT FIVE

### Against All Defendants for Unjust Enrichment

68.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

69.     By their wrongful acts and omissions, the Individual Defendants were unjustly enriched at the expense of and to the detriment of Regions.

70.     Plaintiff, as a shareholder and representative of Regions, seeks restitution from these Defendants, and seeks an order of this Court disgorging all profits, benefits and other compensation obtained by these Defendants, from their wrongful conduct and fiduciary breaches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A.      Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties, waste of corporate assets and unjust enrichment;

B.      Awarding to Regions restitution from the Defendants and ordering disgorgement of all excessive bonuses, benefits and other compensation obtained by the defendants;

C.      Awarding to Plaintiff the costs and expenses of the action, including reasonable attorneys' fees, accountants' fees and experts' fees, costs and expenses; and

D.      Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/Thomas E. Baddley, Jr.
THOMAS E. BADDLEY, JR.
BAD-001

/s/Jeffrey P. Mauro
JEFFREY P. MAURO
MAU-007

OF COUNSEL
BADDLEY & MAURO, LLC
2545 Highland Avenue, Ste. 100
Birmingham, AL 35205
(205) 939-0090

19

PLEASE SERVE ALL DEFENDANTS BY CERTIFIED MAIL:

c/o Regions Financial Corporation
Executive Offices
1900 5th Avenue North
Birmingham, AL 35203

## **VERIFICATION**

I, David Lichtenstein, have read the Regions Financial Corporation Verified

Shareholder Derivative Complaint and know the contents thereof.  The Complaint is true

and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Signed and Accepted:

Dated: _May 4, 2009_

David Lichtenstein

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>01-CV-2009-901494.00 |
|---|---|---|

**IN THE CIVIL COURT OF JEFFERSON, ALABAMA**
**DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL**

NOTICE TO ___C. DOWD RITTER, C/O REGIONS FINAN. CORP. 1900 5TH AVENUE NORTH, BIRMINGHAM AL, 35203___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JEFFREY P. MAURO

WHOSE ADDRESS IS 2545 HIGHLAND AVE., STE. 100, BIRMINGHAM AL, 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   DAVID LICHTENSTEIN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/4/2009 1:59:08 PM | /s ANNE-MARIE ADAMS | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JEFFREY P. MAURO

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          Server's Signature
Date


**01-CV-2009-901494.00**
DAVID LICHTENSTEIN v. C. DOWD RITTER ET AL

C001 - DAVID LICHTENSTEIN                              v.   D001 - C. DOWD RITTER
                Plaintiff                                                 Defendant


01-CV-2009-901494.00 D001

**SERVICE RETURN COPY**