# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

DAVID LICHTENSTEIN,
derivatively on behalf of REGIONS
FINANCIAL CORPORATION,

     PLAINTIFF,

vs.                                          CASE NO. CV 09-J-1364-S

C. DOWD RITTER, et al.,

     DEFENDANTS.

### MEMORANDUM OPINION

This case comes before the court on the defendants' joint notice of removal

(doc. 1), filed July 8, 2009, by defendants C. Dowd Ritter, George W. Bryan, Samuel

W. Bartholomew, Jr., David J. Cooper, Earnest W. Deavenport, Jr., Donald DeFosset,

James R. Malone, Susan W. Matlock, Charles D. McCrary, Claude B. Neilsen, Lee

J. Styslinger, III, Spence L. Wilson, John R. Roberts, and John R. Maupin, Jr.

("removing defendants"), which this court has considered *sua sponte*.  Defendants

Jorge M. Perez, Harry W. Witt, Martha R. Ingram, and Jackson W. Moore have

neither appeared nor joined in the Notice of Removal.[1]  Along with their notice of

removal, the same defendants filed a motion to dismiss (doc. 2) and have since filed

---

[1]From the state court record, the court is unable to discern whether service has been
perfected on these four defendants.  The court notes alias summons have been issued for Harry
W. Witt and Martha R. Ingram.

a memorandum in support of that motion (doc. 4).  Because the court finds that federal jurisdiction over this action is lacking, the court leaves the motion to dismiss pending for the state court to consider upon remand.

The defendants removed this action from the Circuit Court of Jefferson County, Alabama, asserting this court has jurisdiction under 28 U.S.C. § 1331. Notice of Removal, ¶ 2.  Removing defendants assert that because the plaintiff's complaint alleges that the defendants have violated provisions of the Troubled Asset Relief Program ("TARP"), as expanded by the American Recovery and Reinvestment Act of 2009 ("ARRA"), a court will be required to interpret federal regulations, conferring subject matter jurisdiction on this court. *Id.*, ¶ 3.  Removing defendants also assert that the plaintiff seeks relief for the  defendants' alleged violations of Security and Exchange Commission regulations, and "unspecified federal law(s), further providing federal jurisdiction. *Id.*, ¶¶ 4-5.  Thus, removing  defendants state this court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Id.*, ¶ 7.

The plaintiff alleges in his amended complaint that he is the owner of a SPYDER fund which includes Regions' stock.  Amended complaint, ¶ 45.  He asserts that as a beneficial owner and holder of Regions Financial stock, he has standing to

2

bring this action as a shareholder derivative action.[2] *Id.*, ¶¶ 14, 45.  The plaintiff

makes no further effort to explain what this unidentified SPYDER account may be.[3]

Additionally, although brought as a shareholder derivative action on behalf of

Regions Financial Corporation ("Regions"), the plaintiff fails to properly name

Regions as a nominal defendant.  *See* amended complaint, ¶ 15; Rule 10 (a)

_____

[2]The court draws these allegations from the Amended Complaint filed July 2, 2009, at 2:31 p.m., in the Circuit Court of Jefferson County, Alabama.  Filed concurrently with that complaint is a Notice of Substitution of Party Plaintiff, which states that plaintiff Xanthi Grammas is substituted as the derivative plaintiff on behalf of Regions Financial Corporation, and requests the court issued an Order to this effect.  The court therefore finds plaintiff Lichtenstein's standing to bring this action questionable.  The court has no allegations before it as to whether proposed plaintiff Grammas owns Regions' stock outright, or through a SPYDER fund as named plaintiff Lichtenstein alleges.  Given that Grammas asserts only that the complaint is true and correct, the court has no basis to find that Grammas owns Regions' stock outright.

Further confusing matters is that the removing defendants failed to file a proper notice with the state court that the case had been removed to federal court.  Thus, post-dating when the removal was filed in this court, the state court judge entered an Order substituting plaintiff Grammas for plaintiff Lichtenstein.  However, as this court had already assumed jurisdiction at that point, that substitution has no effect on the parties before this court.  As the named plaintiff here is David Lichtenstein, and no motion for substitution has been filed, this court considers the allegations of the complaint and the issue of standing as it relate to plaintiff Lichtenstein and not any other proposed plaintiff.

While the improper notice to the state court raises interesting questions of who the plaintiff is at this point, the court does note that "failure of notice to the state court is a procedural defect that does not defeat federal jurisdiction, even though a federal court might be justified in granting a timely motion to remand.... on the grounds of such a defect."  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir.1997).

[3]The acronym SPYDER, or SPIDER, stands for "Standard & Poor's Depository Receipts," which is a fund designed to mimic the performance of the S&P 500 Index. While similar to a mutual fund, it is actually designed as a trust, resulting in differences in the incurrence of tax liabilities.  The importance for purposes of the claims before this court, and the subject of removing defendants' motion to dismiss, is that plaintiff Lichtenstein does not actually own any shares of Regions' stock outright.  Rather, he owns shares in a trust which in turn invests in various stocks.  According to the allegations of the complaint, this unidentified trust, in turn, has some quantity of Regions' stock.

Fed.R.Civ.Pro.  Because the court can only reach issues such as these if federal question jurisdiction exists, the court assumes for purposes of this opinion only that the plaintiff does have standing and that Regions has been properly named. Therefore, the court turns to the question of whether the plaintiff's allegations state a claim over which this court may exercise jurisdiction pursuant to 28 U.S.C. § 1331.

Regions is a Delaware corporation with its principal offices located in Birmingham, Alabama.  Amended Complaint, ¶ 15.  The individual defendants are current or past officers or directors of Regions.[4]  Amended Complaint, ¶¶ 16-32.  The substantive allegations of the complaint assert that from 2007 to the present, Regions engaged in acts which caused "substantial exposure to the subprime mortgage crisis." Amended Complaint, ¶¶ 1, 3.  The plaintiff alleges that Regions issued improper statements, press releases and SEC filings regarding its exposure to the subprime mortgage crisis, which caused Regions' stock to become artificially inflated.  *Id*., ¶ 3.  Regions' officers and directors took advantage of this overinflation by selling more than $60 million worth of their personally held shared of Regions' stock.  *Id*. The amended complaint further asserts that Regions' engaged in highly speculative conduct by investing in speculative investment projects in commercial real estate,

---

[4]By amendment in state court, the plaintiff added Jackson W. Moore as a defendant. According to the allegations of that amendment, defendant Moore is a past officer and a past director.  Second Amendment to Complaint, ¶ 2.

which exceeded reasonable lending standards and risk management controls. *Id.*, ¶ 4. The plaintiff states that "despite clear warning signs to the contrary, Regions remained overly optimistic regarding collateral values and market expectations ..." which caused substantial losses. *Id.*, ¶ 5. Such actions caused substantial declines in earnings, which in turn caused stock prices to fall drastically. *Id,* ¶ 7. Despite such losses, the defendants authorized and approved excessive bonuses, compensation and other benefits for themselves. *Id.*, ¶ 8.

The complaint next alleges that the "Director Defendants" all played a role in misleading statements concerning Regions' acquisition of AmSouth and the goodwill attributable thereto. Amended complaint, ¶ 53. No time frame for these allegations of wrongdoing is mentioned by the plaintiff, but the court notes that the acquisition in question occurred prior to the "2007 to present time frame," which the amended complaint defines the relevant time period. *Id*, ¶¶ 1, 53. Further in spite of the defined "relevant time period," the plaintiff asserts that the factual allegations of the complaint detail a "pattern and practice of misconduct which spans more than three years." *Id*, ¶ 53(a). The plaintiff asserts each of the defendants had "the ability and duty to force Regions to comply with the TARP-related regulations.... and failed to do so." *Id.* As evidence of these violations, the plaintiff states that in February 2009 Regions' Compensation Committee allowed the salaries of Ritter, Estevez and Hall

5

to remain in excess of $500,000.00, although TARP prohibits a tax deduction for annual compensation in excess of this amount.[5]  *Id*, ¶ 53(e).  The plaintiff also asserts that various senior executives were paid bonuses, in spite of "government imposed requirements that Regions Board restrict incentive compensation and bonuses.  *Id*, ¶ 53(e)-(f).

Based on the foregoing allegations, the plaintiff states claims for breach of fiduciary duty (Counts I and II), breach of fiduciary duty for gross mismanagement (Count III), waste of corporate assets (Count IV), unjust enrichment (Count V), civil conspiracy (Count VI), and intentional, reckless, and innocent misrepresentation and suppression (Count VII).

In order for this court to exercise jurisdiction, this must be a case over "which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1331. The only possible basis for the court to have jurisdiction under 28 U.S.C. § 1331 is for some claim in the plaintiff's complaint to "aris[e] under the Constitution, laws, treaties of the United States."  28 U.S.C. § 1331.

---

[5]The plaintiff makes no attempt to identify who "Hall" and "Estevez" might be.  Because of the allegation that their salaries caused Regions to suffer a substantial increase in federal tax liability, the court finds that a logical conclusion is that these individuals are senior executive officers.  Amended complaint, ¶ 53(e).  However, the amended complaint lacks any allegation to this effect.

As this court recently found in *Louisiana Municipal Police Employees Retirement System v. Ritter*, CV 09-J-1275-S, allegations such as those before the court are insufficient to create federal jurisdiction.[6]  Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed.2d 1214 (1941).  All doubts about jurisdiction should be resolved in favor of remand to state court.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).  The burden of establishing federal jurisdiction is placed upon the party seeking removal.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).  Not every allegation of federal law is proof that federal question jurisdiction exists.  *Gully v. First National Bank in Meridian*, 299 U.S. 109, 115, 57 S.Ct. 96, 81 L.Ed. 70 (1936).  Rather, federal jurisdiction is established through use of the well-pleaded complaint rule.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S.1, 10-11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

---

[6]The allegations of this case are nearly identical to those in  *Louisiana Municipal Police Employees Retirement System v. Ritter*, CV 09-J-1275-S.  As such, the court applies the same analysis here as it did in that case.

Hence, the court has considered whether the "well-pleaded complaint" before it establishes either that federal law created the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Calif.* , 463 U.S. at 27-28, 103 S.Ct. at 2856.   In other words, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir.2002); citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Under the well-pleaded complaint rule, in order for a case to be removable, the cause of action which makes the cause removable must be revealed "on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  The plaintiff is the master of the claim and he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpiller,* 482 U.S. at 392.  A suit arises under the Constitution and laws of the United States only when the plaintiffs' statement of their own causes of action show that those claims are based in those laws or the Constitution. *Beneficial National Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003).  "As a general rule ... a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id*.  Removal jurisdiction may not be sustained simply because a plaintiff could have

asserted a federal claim instead of or in addition to the state claim advanced. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986). *See also Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir.1998) ("The instant case is closely analogous to *Merrell Dow.* There, the Supreme Court found no federal-question jurisdiction where a state law cause of action incorporated as an element proof of the violation of a federal duty ... but where there was no private cause of action with respect to the federal duty"); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818 (4th Cir.2004) ("Therefore, although Dixon's complaint does reference the First Amendment, none of its causes of action rely exclusively on a First Amendment violation to establish Coburg's liability [under state law]").   The Eleventh Circuit has expressed a clear preference for remand where federal jurisdiction is not absolutely clear.  *See e.g. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S.Ct. 2363 (2005), the United States Supreme Court established a new test for determining whether a state-law cause of action gives rise to federal jurisdiction: does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities [?]" *Id.*, at 314, 125 S.Ct. at 2368.  The court found the absence of a federal private right of action as evidence relevant to, but not dispositive of congressional intent concerning the proper balance between state and federal jurisdiction.  *Id*, at 318, 125 S.Ct. at 2370.

The following year, in *Empire Healthchoice Assurance, Inc. v. McVeigh*, the Supreme Court ruled that *Grable* did not apply to support federal jurisdiction in that case  because the dispute was between private parties, the federal issue was not dispositive of the case and the claim was "fact-bound and situation specific." *Id.*, 547 U.S. 677, 682-83, 126 S.Ct. 2121, 2127 (2006).  *Empire* further held that *Grable* "exemplifies" a slim category of cases, suggesting it should not apply every time a federal statute was mentioned in a state court complaint.  *Empire Healthchoice*, 547 U.S. at 701, 126 S.Ct. at 2137.  The Court confined *Grable's* application to situations where the meaning of the federal statute was actually in dispute and was the only issue contested.  *Grable,* 545 U.S. at 315, 125 S.Ct. 2368.  As the Court in *Empire* explained, *Grable* presented a nearly "'pure issue of law,' one 'that could be settled once and for all and thereafter would govern numerous tax sale cases.... In contrast, Empire's ... claim, is fact-bound and situation-specific...." *Empire Healthchoice*, 547 U.S. at 700-701, 126 S.Ct. 2137.

This court has thus weighed whether the facts before it are more in line with *Grable* or *Empire Healthchoice*. In essence, the plaintiff alleges that the named Regions' directors have breached various fiduciary duties by allowing excessive compensation to be paid to certain defendants, authorizing an inflated stock repurchase and allowing excessive bonuses. Considering the seven counts of the plaintiff's complaint, the court is of the opinion that each of them are valid claims under Alabama law and do not depend on proof of violations of federal law.

The removing defendants must show that the plaintiff's complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir.2008). The defendants assert that this court has original jurisdiction over the plaintiff's claims because the plaintiff alleges violations of TARP.[7] Notice of Removal, ¶ 3.

Although the complaint here alleges that the defendants have engaged in violations of TARP, the plaintiff does not appear to be suing for these violations. Rather, the plaintiff is suing for various state law claims, support for which may be

---

[7]At the same time, the removing defendants assert that this action must be dismissed due to the plaintiff's failure to name Regions as a nominal defendant. Motion to dismiss, ¶ 3. These defendants also assert that the plaintiff lacks standing to pursue these claims because he cannot establish that he is a Regions' shareholder. Id., ¶ 5. In spite of the removing defendants assertion that this case is fatally defective, they also assert that this court has federal question jurisdiction.

drawn from the manner in which the defendants have acted.  The plaintiff asserts that in spite of the fact that high compensation and bonuses would cause additional tax liabilities pursuant to TARP, the defendants persisted in actions which were breaches of the fiduciary duties the defendants owe Regions' stockholders.  These claims arise under the laws of the State of Alabama.

In the Notice of Removal, the defendants assert that a state court will have to interpret federal regulations to determine "what, if any, 'restrictions' TARP places on executive compensation."  Notice of Removal, ¶ 3.  This court disagrees.  Rather, the court finds that, should plaintiff be able to establish that the defendants received compensation in violation of TARP provisions, as set forth in  PL 111-5, 2009 HR 1, codified at 12 U.S.C. § 5221, the state court will have to decide whether such violations are evidence of a breach of fiduciary duty, or corporate waste.  As the Eleventh Circuit has noted,

> "We are mindful that state courts are generally presumed competent to interpret and apply federal law." .... While this case does raise an important federal issue, the federal issue in this case does not implicate in a significant way the concerns that supported the exercise of federal jurisdiction over the state-law claim in *Grable.* In other words, "[t]he pertinent finding, which leads to our  present conclusion, is that the federal interest in this case is not 'substantial' as that term has been defined under the prevailing Supreme Court precedent." ....

*Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d at 1301-1302.

The plaintiff's complaint simply does not state a cause of action under TARP or any other federal law.[8]  Having considered the defendants' claim that this action "arises under" federal law, the court finds that, under the facts of this case, the plaintiff's state law claims do not "really and substantially involve [] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Dunlap v. G &L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir.2004); citing *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir.1982).  Although the plaintiff asserts that the defendants have engaged in violations of TARP, no cause of action in the complaint is brought under that federal statute.  *See e.g. Houston v. Seward & Kissel, LLP,* 2008 WL 818745 (S.D.N.Y.2008) (finding Congress expressly intended to preserve state's authority in realm of fraud and deceit in securities offerings); *Finance and Trading, Ltd. v. Thodia*, 2004 WL 2754862 (S.D.N.Y.2004) (holding that plaintiffs' state law fraud and negligent

---

[8]Even if the plaintiff had attempted to state a cause of action for violations of TARP, the court can find no evidence that Congress intended to provide any such private right of action. *See e.g., Rowley v. American Home Assurance Company,* 2009 WL 700684 (E.D.La. 2009) (finding allegations concerning TARP merely factually to support bad faith claim and that defendants failed to identify provision of TARP or Emergency Economic Stabilization Act of 2008 which conferred private right of action upon plaintiffs); *Mehlenbacher v. Jitaru*, 2005 WL 4585859 (M.D.Fla.2005) (applying 11th Circuit law and finding no private right of action in shareholder derivative action to, *inter alia*, seek recoupment of bonus and other incentives paid to officers of corporation); *Kogan v. Robinson,* 432 F.Supp.2d 1075 (S.D.Calif.2006) (same). While such a consideration is not dispositive under *Grable, supra*, it is evidence of congressional intent concerning the proper balance between state and federal jurisdiction. That intent weighs in favor of the state court's jurisdiction in the facts before the court.

13

misrepresentation claims in a securities fraud case were not created by the Securities Exchange Act, and thus were not subject to exclusive federal jurisdiction, and holding plaintiffs' claims were not preempted by federal law).  *See also Ekas v. Burris*, 2007 WL 4055630 (S.D.Fla.2007) (holding that, in shareholder derivative action, to prove breach of fiduciary duty by showing false statements were made to the SEC, was "tangential to proving the breach..." and therefore did not create federal question sufficient for jurisdiction).

Where, as here, there are no federal issues apparent from the face of the complaint, federal question jurisdiction may still lie where the plaintiff has engaged in "artful pleading."  The artful pleading doctrine carves out an exception to the "well-pleaded complaint" rule and provides that a plaintiff cannot avoid federal jurisdiction by characterizing a federal claim as a state claim.  *Firefighters Retirement System v. Regions Bank*, 598 F.Supp.2d 785 (M.D.La.2008).  Thus, even if the "well-pleaded complaint" does not set forth a federal claim, federal question jurisdiction may nevertheless exist in two situations: (1) when Congress completely preempts an area of state law and (2) when the state claim contains a "substantial and disputed federal issue."  *Grable*, 545 U.S. at 312.

The court has considered each of these possibilities, but finds neither of them applicable in the facts before it.  Here, the plaintiff's claims arise under Alabama law

and are not preempted by federal law.  Nor do these claims contain a "substantial and disputed federal issue."  Rather, the plaintiff asserts that the defendants' alleged violations of federal law are evidence of their breaches of duty which arise under Alabama law.  Allegations in a complaint which "simply provide a factual basis for a claim and which could independently support either a state law claim or a federal law claim are generally not sufficient to create a substantial question of federal law or to confer jurisdiction to the federal courts. *Ekas v. Burris*, 2007 WL 4055630, 5 (S.D.Fla.2007) (citation omitted).

The court finds that the claims of the plaintiff's complaint do not provide a basis for federal question jurisdiction.   The court is of the opinion that any federal question which arguably may appear in plaintiff's complaint is insufficient to create jurisdiction in this court.  Having considered the foregoing, and finding that this case was improvidently removed, the court shall remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.  The undersigned leaves that court to determine issues of who is actually the plaintiff in this action and whether such plaintiff has standing to bring this case.

**DONE** and **ORDERED** this the 14th  day of July, 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE